IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MIN. NEGUS KWAME FAHIM ASIEL-DEY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 117-006 |
| SANTANDER CONSUMER USA, INC, and VERLEY MATTHEW CRAPS, | ) ) ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Plaintiff filed the above-captioned case on January 11, 2017, and because he was proceeding *pro se*, the Court provided him with basic instructions regarding the development and progression of this case. (Doc. no. 4.) The Court explained that Plaintiff is responsible for serving each defendant and explained how service could be accomplished. (Id. at 1-2.) The Court specifically informed Plaintiff that, under Fed. R. Civ. P. 4(m), he had ninety days from the complaint filing to accomplish service and that failure to accomplish service could result in dismissal of individual defendants or the entire case. (Id. at 2.) Now, the ninety days allowed for service have elapsed, and there is no evidence in the record that Defendants have been served.

As amended in 1993, Rule 4(m) empowers courts with discretion to extend the time for service when a plaintiff demonstrates good cause for failing to timely serve process or any other circumstances that warrant an extension of time. Henderson v. U.S., 517 U.S. 654,

662-63 (1996); Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005); Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007). Accordingly, Plaintiff shall have fourteen days from the date of this Order to explain the reason(s) for the delay in service of process and why this case should not be dismissed without prejudice for failure to timely effect service. The Court **DIRECTS** the Clerk of Court to attach a copy of Rule 4(m) to this Order for Plaintiff's perusal.

SO ORDERED this 21st day of April, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA