IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MIN. NEGUS KWAME FAHIM ASIEL-DEY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 117-006 |
| SANTANDER CONSUMER USA, INC, and VERLEY MATTHEW CRAPS, | ) ) ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Plaintiff filed the above-captioned case on January 11, 2017, and because he was proceeding *pro se*, the Court provided him with basic instructions regarding the development and progression of this case. (Doc. no. 4.) The Court explained that Plaintiff is responsible for serving each defendant and explained how service could be accomplished. (Id. at 1-2.) The Court specifically informed Plaintiff that, under Fed. R. Civ. P. 4(m), he had ninety days from the filing of the complaint to accomplish service, and that failure to accomplish service could result in dismissal of individual defendants or the entire case. (Id. at 2.) On April 21, 2017, the Court directed Plaintiff to show cause as to why he had not served Defendants within the time allotted by Fed. R. Civ. P. 4(m). (Doc. no. 5.) Plaintiff has now responded and indicates he has sent to each Defendant a waiver of service form on April 11, 2017. (Doc. no. 8.)

It appears Plaintiff has complied with Fed. R. Civ. P. 4(d) in requesting waiver of service by Defendants, as Defendant Santander Consumer USA, Inc., has waived service. (Doc. no. 6.) However, Defendant Verley Matthew Craps has not yet waived service, and Plaintiff is reminded that Fed. R. Civ. P. 4 does not compel waiver of service. The Court reminds Plaintiff that if Defendant Craps fails to agree to waiver of formal service of the summons, then Plaintiff is responsible for arranging personal service. Fed. R. Civ. P. 4 provides only that if a defendant fails, without good cause, to waive service, expenses for personal service may be imposed on such defendant.

Although the ninety days for service have already elapsed, given that Plaintiff is proceeding *pro se*, the Court will extend the time for service and allow Plaintiff another chance to effect service on Defendant Craps. Accordingly, the Court **EXTENDS** the time for service until June 19, 2017. Plaintiff must provide proof of service as explained in Fed. R. Civ. P. 4(l). If there is no proof that Defendant Craps has been served at the expiration of this thirty-day extension, the Court will recommend dismissal of Defendant Craps.

SO ORDERED this 19th day of May, 2017 at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA