IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| MIN. NEGUS KWAME FAHIM ASIEL-DEY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CV 117-006 ) |
| SANTANDER CONSUMER USA, INC, and VERLEY MATTHEW CRAPS, | ) ) ) |
| Defendants. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

*Pro se* Plaintiff filed this case on January 11, 2017, and the Court provided him with basic instructions regarding the development and progression of his case. (Doc. no. 4.) The Court explained that Plaintiff is responsible for serving each defendant and explained how service could be accomplished. (Id. at 1-2.) The Court specifically informed Plaintiff that, under Fed. R. Civ. P. 4(m), he had ninety days from the filing of the complaint to accomplish service, and failure to accomplish service could result in dismissal of individual defendants or the entire case. (Id. at 2.)

On April 21, 2017, the Court directed Plaintiff to show cause as to why he had not served Defendants within the time allotted by Fed. R. Civ. P. 4(m). (Doc. no. 5.) Plaintiff responded and indicated he sent to each Defendant a waiver of service form on April 11, 2017. (Doc. no. 8.) The Court extended the service period thirty-days, and reminded Plaintiff that Fed. R. Civ. P. 4 does not compel waiver of service, and if Defendant Craps

failed to waive service, he was responsible for arranging personal service. (Doc. no. 9.) The Court further cautioned Plaintiff that if there was no proof of service at the expiration of the thirty-day extension, the Court would recommend dismissal of any unserved Defendants. (Id. at 2.)

Defendant Santander Consumer waived service and has filed a motion to dismiss. (Doc. nos. 6, 10.) However, there is no evidence that Defendant Craps has been served, nor has Plaintiff offered an explanation for his failure to serve Defendant Craps. Rule 4(m) empowers courts to extend the time for service for good cause shown or, in the absence of good cause, when "other circumstances warrant an extension of time based on the facts of the case." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007); see also Henderson v. United States, 517 U.S. 654, 662-63 (1996); Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005) (permitting extension of service period, even in absence of good cause). Thus, if a plaintiff fails to show good cause for failing to timely effect service, a court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007).

Here, Plaintiff has not shown good cause for failing to timely effect service on Defendant Craps, and the Court finds no other circumstances warrant an additional extension of the service period. The Court has warned Plaintiff that failure to effect service on individual defendants would lead to their dismissal from the case. (See doc. no. 9.) Accordingly, the Court **REPORTS** and **RECOMMENDS** Plaintiff's claims against

Defendant Craps be **DISMISSED** without prejudice for failure to timely effect service, and Defendant Craps be **DISMISSED** from this case.

SO ORDERED this 26th day of June, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA