IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

MIN. NEGUS KWAME FAHIM        *
ASIEL-DEY,                    *
                              *
        Plaintiff,            *
                              *
        v.                    *        CV 117-006
                              *
SANTANDER CONSUMER USA, INC., *
                              *
        Defendant.            *

**O R D E R**

Plaintiff,[1] proceeding *pro se*, initiated this action on January 11, 2017. (Doc. 1.) In his complaint, Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") by Defendant Santander Consumer USA, Inc. ("SC"). While Plaintiff's factual allegations are not a model of clarity, he appears to assert that Defendant SC sent him letters on December 1, 2015 and January 12, 2016 and that these letters and/or their contents were in violation of the FDCPA.[2] (Id. ¶¶ 3, 6-7.) On June 9, 2017, Defendant SC filed

---

[1] Plaintiff is also known as Ronnie Theodis Demmons. (See Doc. 1, at 4.)
[2] In his complaint, Plaintiff also alleged various state and federal law claims against another defendant, Verley Matthew Craps. (Doc. 1, ¶¶ 4-5.) On April 21, 2017, the United States Magistrate Judge entered an Order in which he directed Plaintiff to explain his failure to timely serve Defendant Craps. (Doc. 5.) On May 8, 2017, Plaintiff filed his response to the Magistrate Judge's Order, in which he stated that he sent Defendant Craps a waiver of service form on April 11, 2017 and requested additional time to serve Defendant Craps. (Doc. 8.) On May 19, 2017, the Magistrate Judge

its present motion to dismiss on the grounds that Plaintiff's complaint failed to state a claim upon which relief could be granted. (Doc. 10.) Plaintiff did not file a response in opposition to Defendant SC's motion to dismiss.

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The Court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). Conversely, the Court need not accept the complaint's legal conclusions as true – only its well-pleaded facts. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim

---

granted Plaintiff until June 19, 2017 to serve Defendant Craps and explicitly warned Plaintiff that his failure to timely serve Defendant Craps would result in a recommendation that Defendant Craps be dismissed from this case. (Doc. 9.) Plaintiff failed to provide the Court with proof of service on Defendant Craps or otherwise explain the failure of service thereon. (See Doc. 11, at 2.) Accordingly, on June 26, 2017, the Magistrate Judge entered his Report and Recommendation ("R&R") wherein he recommended that Plaintiff's claims against Defendant Craps be dismissed without prejudice. (Id. at 2-3.) Plaintiff did not file any objections to the R&R. (See Doc. 13, at 1.) Accordingly, on July 17, 2017, the Court adopted the R&R as its opinion, dismissed Plaintiff's claims against Defendant Craps for failure to timely effect service, and dismissed Defendant Craps from this case. (Id.)

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 566). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. And "[w]hile a trial judge is to employ less stringent standards in assessing *pro se* pleadings than would be used to judge the final product of lawyers, this leniency does not permit the district court to act as counsel for a party or to rewrite deficient pleadings." Lampkin-Asam v. Volusia Cty. Sch. Bd., 261 F. App'x 274, 276-77 (11th Cir. 2008); see also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("All persons, regardless of wealth, are entitled to reasonable access to the courts. . . . Still, once a *pro se* . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."); In re Unsolicited Letters to Fed. Judges, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000) ("[C]ourts do and should show a lenience to *pro se* litigants not enjoyed by those with the benefit of a legal education. Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." (citations omitted)).

3

Here, Plaintiff has failed to state a plausible claim for relief under the FDCPA against Defendant SC. In order to state a plausible claim for relief under the relevant provisions of the FDCPA cited in Plaintiff's complaint, Plaintiff must allege, *inter alia*, "that the defendant is a debt collector." See Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1216 (11th Cir. 2012); see also 15 U.S.C. § 1692c(a) ("Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a *debt collector* may not communicate with a consumer in connection with the collection of any debt . . . ." (emphasis added)); 15 U.S.C. § 1692e ("A *debt collector* may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." (emphasis added)); 15 U.S.C. § 1692g(a) ("Within five days after the initial communication with a consumer in connection with the collection of any debt, a *debt collector* shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing . . . ." (emphasis added)). The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or

4

indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Excluded from this definition of "debt collector," however, is:

> (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor; (B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts; (C) any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties; (D) any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt; (E) any nonprofit organization which, at the request of consumers, performs bona fide consumer credit counseling and assists consumers in the liquidation of their debts by receiving payments from such consumers and distributing such amounts to creditors; and (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

Id.; but see id. ("Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.").

5

In his complaint, Plaintiff conclusorily alleges that, "[t]o the best of [his] belief and information, [Defendant SC] . . . is a debt collector as defined in 15 U.S.C. § 1692(a)(6) . . . ." (Doc. 1, ¶ 3.) Notably, however, Plaintiff does not provide any factual support for these legal conclusions. See Iqbal, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citing Twombly, 550 U.S. at 555)); Papasan v. Allain, 478 U.S. 265, 286 (1986) ("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."). For example, Plaintiff does not describe the debts that Defendant SC attempted to collect,[3] identify the originating creditor for these debts, or state whether these debts were in default at the time they were obtained by Defendant SC. Indeed, Plaintiff does not even conclusorily allege that Defendant SC engages in "business the principal purpose of which is the collection of any debts" or that it "regularly collects or

---

[3] Such description would be necessary to ensure that they are in fact "debts" cognizable under the FDCPA. See 15 U.S.C. § 1692a(5) ("The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.").

6

attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." See 15 U.S.C. § 1692a(6). Moreover, Plaintiff has not attached any relevant exhibits to his complaint from which the Court can infer that Defendant SC is indeed a debt collector or is otherwise liable under the FDCPA. Accordingly, Plaintiff has failed to plead sufficient factual content that would allow this Court "to draw the reasonable inference that [Defendant SC] is liable for the misconduct alleged" and his claims against Defendant SC are therefore subject to dismissal. See Iqbal, 556 U.S. at 678.

Upon the foregoing and due consideration, **IT IS HEREBY ORDERED** that Defendant SC's motion to dismiss (doc. 10) is **GRANTED** due to Plaintiff's failure to state a claim upon which relief can be granted. The Court, however, recognizes Plaintiff is proceeding *pro se* and will therefore give him an opportunity to attempt to cure his pleading deficiencies by amending his complaint with regards to Defendant SC. Accordingly, **IT IS FURTHER ORDERED** that, should Plaintiff wish to proceed forward with this case, Plaintiff **SHALL FILE** his amended complaint **by the close of business on MARCH 15, 2018**.[4] Plaintiff's failure to

---

[4] Plaintiff's amended complaint must be typed or printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleadings filed by Plaintiff; no portion of any prior pleading shall be incorporated into his amended complaint by reference. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Alabama Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the

timely file his amended complaint and address the pleading deficiencies identified herein as directed may result in the dismissal with prejudice of his claims against Defendant SC – and the closure of this case – without further notice.

**ORDER ENTERED** at Augusta, Georgia, this 22nd day of February, 2018.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

factual basis for his pleading. For example, Plaintiff should not simply state, "see attached documents," as the Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought.